Curia, per

Evans, J.
The statute, (3 Stat. 470,) under which the prisoner was indicted, is in the following words: — “ If any person shall steal or take by robbery any bond, warrant, bill, or promissory note, for the payment, or securing the payment of any money, being the property of any other person or persons, or of any corporation, notwithstanding any of the said particulars are termed in law a chose in action, it shall be deemed and construed to be a felony, of the same nature and in the same degree, and with or without the benefit of clergy, in the same manner as it would have been if the offender had stolen or taken by robbery, any other goods of the like value with the money due on such bill, bond, warrant or note, or secured thereby and remaining unsatisfied.” The indictment in this case does not set out that the several sums of money due on the notes were unpaid, and it is not subject to the objection which was sustained in the State vs. Thomas, 2 M’C. 527. But it is contended that this indictment is defective, because it does not allege, first, that the bank bills were genuine; secondly, that they are the bills of some incorporated bank or body politic; thirdly, that there should have been such a minute description of the bills as would have identified and distinguished from other bills of the same banks. In relation to all these objections I have these remarks : 1st. That in charging an offence created by statute, it is, in general, sufficient to describe it in the words *363 of the statute, which has been done in this case. -2d. That the form used corresponds with the most approved precedents in criminal pleading. The English statute is very much like ours, and in both Chitty and Archbold, no other description of the note or bill stolen is given but “ one bill of exchange,” “ one promissory note,” “ two bank notes for the payment of money.” 3 Chit. Or. L. 734; Arch. Cr. PI. 130. 3d. To charge that the bill was of the bank of Charleston, is, of itself, a distinct allegation that the bill is a genuine bill, for if it were a forgery, it would not be the bill of that bank. 4th. That the statute is general, and embraces all promissory notes, whether of individuals or corporations. A corporation is a factitious being created by law, capable of owning property and of making contracts like an individual, to the extent authorized by its charter: when tire indictment charges that the note stolen was the . note or bill of the bank of Charleston, or of any other bank, it is as fully described, as if it were alleged to be the promissory note of the President of the bank by name. 5th. That the law in relation to larceny requires nothing more than a general description, because, often' the thing stolen is never reclaimed from the thief, and a minute description would be impossible. I think, therefore, there is nothing in these objections to the indictment. As to the fourth ground, the uncertainty arising from the mis-spel-ling the word' larceny in the verdict, I shall say very little. There is no doubt as to what the jury meant, and the finding was published and recorded as larceny. This my brethren all believe is sufficient. I have some doubts about it myself.
The first and third grounds for a new trial, are the same as those made in arrest of judgment. I suppose there would be no doubt that to steal a forged bill would be no larceny. It would be of no value, and it would be the bill of no bank. That some evidence should be given that the bill was of value and genuine is very clear, but I have no idea that the same degree of evidence is required as would be in an action to recover the money due on a bond or note. This seemed to have been the opinion of the Judge who delivered the decision of the Court in Tillery's case, *364 IN. & McC. 9. I suppose it was then as it is now, the reasons are the Judge’s who delivers the opinion — the decision is the Court’s. I was the solicitor who prosecuted that case, and remember well it was thought, at the time, that under that rule, it would be impossible, in most cases, to convict the thief, and that it required a degree of proof beyond what had been previously supposed to be necessary. For this, or some other reason, the case was never followed, and since I have been on the Bench, I do not remember to have heard Tillery's case quoted as authority, except as affirming the proposition that some evidence, satisfactory to the jury, should he given, that the notes were of value and genuine. Such evidence was, I think, clearly given in this case. The witness said he had been robbed of sixty-five dollars — some of the bills were of the Union bank, some of the Planters’s and Mechanics’s Bank, &c. He spoke of them as money. This, in the absence of any proof to the contrary, was sufficient evidence that they were the notes of those banks, and of the value which they bore on the face of them. For the reasons before given, no more minute description was necessary to be given or proved, nor was it necessary to prove that the bills were of any incorporated bank. This last notion is borrowed from the Acts for punishing forgery, wherein incorporated banks of this State, or any of the United States, are expressly named.
I come now to consider the remaining grounds, which allege a deficiency of reliable evidence to support the verdict of guilty. The general rule in this Court is, that where there is evidence sufficient, the weight of it is to be decided by the jury, but, of necessity, there must be exceptions to this general rule. Another general rule is, that where the presiding Judge is dissatisfied with the finding, that is a circumstance entitled to consideration in granting new trials. Now, in this case, the prisoner’s guilt is proved by the evidence of Hatcher alone, who, at the time of the occurrence, was certainly under the influence of liquor, and, at one time, seemed not to know who had committed-the act. I will not undertake to say, that a man is not to be *365 believed who is partially intoxicated, or who has temporarily forgotten a fact whilst in a state of great bodily suffering, yet, where there is no confirmation, such evidence is subject to suspicion. The witness may be mistaken. The maxim of the law is, that it is better that many guilty should escape than that one innocent should suffer; and, whilst we are far from expressing the opinion that the prisoner is innocent, we think it consistent with the rules by which this Court is governed in like cases, that he should have a new trial: and it is so ordered.
O’Neall, Wardlaw, Frost, Withers and Whitjner, JJ. concurred.

New trial ordered.